IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DNM CONTRACTING, INC.<br>On behalf of itself and<br>all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    *Defendant*. | §<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") removes the above-captioned civil action currently pending in the District Court of Harris County, Texas, Cause No. 2020-25807 (the "State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division based on diversity jurisdiction and jurisdiction provided by the Class Action Fairness Act of 2005. In support thereof, Wells Fargo would respectfully show as follows:

### I.  STATEMENT OF THE CASE

On April 24, 2020, Plaintiff DNM Contracting, Inc. ("Plaintiff") commenced the State Court Action by filing its Original Petition (the "Petition") in Harris County, Texas.[1] Wells Fargo was served with the Petition on April 28, 2020, through its registered agent for service of process. In the Petition, Plaintiff alleges putative class claims for fraud, breach of fiduciary duty, breach of contract, negligence, and violation of the Texas Deceptive Trade Practices-Consumer Protection

---

[1] A copy of Plaintiff's Original Petition is attached as **Exhibit 3**.

1

Act. Plaintiff seeks, among other things, actual damages, exemplary damages, treble damages, attorneys' fees, and court costs. Pet. at 10–12.

## II. DIVERSITY JURISDICTION

Federal law permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Included within a district court's original jurisdiction are "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . ., and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a). This Court has original jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. Accordingly, removal of the matter to this Court is proper and permitted.

### A. The Parties are Citizens of Different States

There is complete diversity of citizenship between Plaintiff and Wells Fargo. *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff be from the same state as any defendant).

Plaintiff is a for-profit Texas corporation with its principal place of business in Houston, Texas. *See* Pet. ¶ 8; *see also*, Texas Secretary of State Records, attached as **Exhibit 6**. Plaintiff is thus a citizen of Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 1181, 1190 (2010).

Wells Fargo is a national banking association organized under the laws of the United States. It is a citizen of South Dakota because its articles of association establish that location as its main office. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st

Cir. 2012) ("Wells Fargo is a citizen of South Dakota for diversity purposes."); *Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 536 (6th Cir. 2012) (same).  Therefore, Wells Fargo is a citizen only of the State of South Dakota for diversity purposes.[2]

Accordingly, complete diversity of citizenship exists between Plaintiff and Wells Fargo under 28 U.S.C. § 1332.

### B.     The Amount in Controversy Exceeds $75,000

To establish diversity jurisdiction, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  On its face, Plaintiff's Petition states that Plaintiff seeks "actual and other damages of no less than $10,000,000." Pet. at 12.  Plaintiff also seeks exemplary damages and treble damages.  *Id.*  The amount in controversy thus exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2).

### C.     Venue is Proper

The United States District Court for the Southern District of Texas, Houston Division, is the proper place to file this Notice of Removal because it is the federal district court that embraces the place where the State Court Action is pending.  28 U.S.C. § 1441(a).

### III.    CLASS ACTION FAIRNESS ACT JURISDICTION

The Class Action Fairness Act of 2005 ("CAFA") provides an additional and independent basis for removal to this Court.  CAFA grants federal district courts original jurisdiction over putative class actions where the proposed class contains more than 100 members, any member of the putative class is a citizen of a state different from any defendant, and the amount in controversy

---

[2] In its Petition, Plaintiff incorrectly alleges that Wells Fargo is a Delaware corporation.  Pet. ¶ 4. But even if Plaintiff's allegation were correct, which it is not, diversity jurisdiction would still exist because Wells Fargo still would not be a citizen of Texas.  *See Carden*, 494 U.S. at 187 (diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant).

exceeds $5,000,000, exclusive of interest and costs.[3] 28 U.S.C. §§ 1332(d), 1453(b). CAFA was "enacted to facilitate adjudication of certain class actions in federal court" and should thus "'be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. Rep. No. 109–14, p. 43 (2005)); *see also id.* ("[N]o antiremoval presumption attends cases invoking CAFA.").

This Court has original jurisdiction over this case under CAFA, and removal is proper, because (1) the proposed class contains more than 100 members; (2) there is minimal diversity between the parties; and (3) the total amount in controversy exceeds $5,000,000.

A.     **The Proposed Class Contains More than 100 Members**

The proposed class satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's Petition defines the proposed class as: "All Wells Fargo Bank small business customers who utilized Wells Fargo Bank for assistance with and processing of their PPP loans administered by the SBA," and alleges that "the proposed Class consists of hundreds of entities." Pet. ¶¶ 15-16. Accordingly, any requirement that the proposed class contain more than 100 members is satisfied.[4]

---

[3] CAFA defines "class action" to mean any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed the State Court Action under Texas Rule of Civil Procedure 42, Texas's rule authorizing class actions. The State Court Action is therefore a "class action" as defined by CAFA.

[4] Further, Defendant is the sole defendant in the State Court Action and is a national banking association and not a "State, State official[], or other governmental entit[y] against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). Thus, the language in 28 U.S.C. §1332(d)(5)(A) also does not apply.

4

### B. Minimal Diversity Exists

CAFA "replace[s] the ordinary requirement of complete diversity of citizenship among all plaintiffs and defendants with a requirement of minimal diversity." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014). Minimal diversity requires only that the citizenship of one plaintiff be different from the citizenship of one defendant. 28 U.S.C. § 1332(d)(2).

As described above, diversity exists between Plaintiff and Defendant. *See supra* at p. 2–3. Plaintiff is a citizen of Texas, and Defendant is a citizen of South Dakota. *Id.* CAFA's minimal diversity requirement is thus satisfied.

### C. The Amount in Controversy Exceeds $5,000,000

To establish jurisdiction under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Plaintiff's Petition states that Plaintiff seeks "actual and other damages of no less than $10,000,000." Pet. at 12. Plaintiff also seeks exemplary damages and treble damages. *Id.* The amount in controversy thus exceeds $5,000,000. *See Dart Cherokee*, 574 U.S. at 84 ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" (quoting 28 U.S.C. § 1446(c)(2)).

### D. Venue is Proper

The United States District Court for the Southern District of Texas, Houston Division, is the proper place to file this Notice of Removal because it is the federal district court that embraces the place where the State Court Action is pending. 28 U.S.C. § 1441(a).

### E. No Exceptions to CAFA Jurisdiction Apply

The exceptions to CAFA jurisdiction, both discretionary and mandatory, hinge upon the citizenship of the defendant or defendants in the putative class action. *See* 28 U.S.C. § 1332(d)(3)–

(4). Specifically, the discretionary exceptions apply only if "the primary defendants are citizens of the State in which the action was originally filed," and any mandatory exceptions apply only if a defendant "whose alleged conduct forms a significant basis for the claims . . . is a citizen of the State in which the action was originally filed. *See* 28 U.S.C. §§1332(d)(3), (d)(4)(A)(i)(II)(bb-cc).

Here, Defendant is the sole defendant and thus *the* primary and *only* defendant. As shown above, Defendant is a citizen of South Dakota and not of Texas, the State where the State Court Action was originally filed. Accordingly, none of the exceptions to CAFA jurisdiction apply, and removal is proper.

## IV.   TIMELINESS OF REMOVAL

Removal of this action is timely because this action was removed on May 22, 2020, and thirty days have not expired since Wells Fargo was served with the Petition on April 28, 2020. 28 U.S.C. § 1446(b)(1).

## V.   OTHER PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Defendant will promptly serve Plaintiff with notice of such removal and file a Notice of Removal with the clerk in the State Court Action.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has attached the following:

(i)   An index of all documents filed (Exhibit 1);
(ii)  All executed process in the case (Exhibit 2);
(iii) All pleadings filed and served in the State Court Action (Exhibit 3);
(iv)  A copy of the docket sheet in the State Court Action (Exhibit 4);
(v)   A complete list of attorneys involved in the action being removed (Exhibit 5); and
(vi)  Texas Secretary of State Records (Exhibit 6). [5]

---

[5] No orders have been signed by the state judge in this case.

## VI. CONCLUSION

Defendant has satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and hereby removes the State Court Action to this Court and respectfully requests that the Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: May 22, 2020

                Respectfully submitted,

                */s/ Charles B. Hampton*
                Charles B. Hampton
                Attorney-in-Charge
                Texas Bar No. 00793890
                MCGUIREWOODS LLP
                600 Travis St., Suite 7500
                Houston, Texas 77002
                (713) 353-6683 / (832) 214-9936 (Fax)
                champton@mcguirewoods.com

                Nicolas Bourtin
                Of counsel
                (*pro hac vice* to be filed)
                N.Y. Bar No. 2837128
                SULLIVAN & CROWELL LLP
                125 Broad Street
                New York, NY 10004-2498
                (212) 558-4000
                bourtinn@sullcrom.com

                Christopher M. Viapiano
                Of counsel
                (*pro hac vice* to be filed)
                D.C. Bar No. 500771
                N.Y. Bar No. 4373536
                SULLIVAN & CROWELL LLP
                1700 New York Ave., N.W., Suite 700
                Washington, DC 20006-5215
                (202) 956-7500
                viapianoc@sullcrom.com

Sverker K. Högberg
Of counsel
CA Bar No. 244640
(*pro hac vice* to be filed)
SULLIVAN & CROWELL LLP
1870 Embarcadero Road
Palo Alto, CA 94303-3308
(650) 461-5600
hogbergs@sullcrom.com

ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure certified mail, return receipt requested on this 22nd day of May 2020 and email as follows:

Alfonso Kennard, Jr.
Kevin T. Kennedy
Eddie Hodges, Jr.
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Eddie.Hodges@KennardLaw.com
(713) 742-0900 (Phone)
(713) 742-0951 (Fax)
**ATTORNEYS FOR PLAINTIFF**

*/s/ Charles B. Hampton*
Charles B. Hampton
